IRVING McCORMACK, PLAINTIFF, v. G. AUSTIN HAINES, DEFENDANT.

Decided May 7, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *Thompson & Hanstein.*

*Contra, Clarence L. Cole.*

PER CURIAM.

This is an action to recover compensation for personal injuries. The case of the plaintiff was that in the evening of July 13th, 1929, he was fishing upon a bridge which is a part of the highway between Atlantic City and Somers Point, standing on the guard rail at the edge of the bridge and leaning against the railing; that while so standing the defendant carelessly drove his car so close to the guard rail that he struck the plaintiff, knocking him off of it and quite seriously injuring him. The defendant denied that he was driving carelessly, claiming that, on account of the brightness of the lights of cars coming in the opposite direction from that in which he was traveling, he could not see the plaintiff, and that, for this reason, he was not responsible for the accident. The trial resulted in a verdict in favor of the plaintiff, the jury awarding him $10,000, and we are now asked by the defendant to set that verdict aside.

The first reason urged for making the rule absolute is that the court erred in refusing to nonsuit or direct a verdict in defendant's favor; the contention being that the evidence produced by the plaintiff failed to show that his injuries were the result of the negligence of the defendant in the driving of his car. We consider this contention to be without merit. The bridge was forty feet wide; the plaintiff was standing on the guard rail, on the very edge of the bridge; and there was no reason why the defendant should have driven so close to it as to collide with anyone standing upon it, particularly in view of the fact that this bridge is intended for use of foot passengers as well as for automobile drivers.

It is further argued that the verdict is against the clear weight of the evidence. Our reading of the testimony sent up with the rule leads us to the conclusion that this contention is also without merit.

Lastly, it is argued that the court erred in refusing to charge a request submitted by the defendant, which was in effect that the plaintiff was not entitled to recover for any future loss of earnings or for any future pain and suffering; and in charging the contrary. The basis of this contention is that the plaintiff did not allege in his complaint that he was entitled to such compensation. The averment in the complaint was that as a result of the accident the plaintiff suffered severe injuries, which are therein specified, and other injuries, which are of a permanent character, and that by reason thereof he has suffered and undergone great pain and torment of both body and mind, and still suffers therefrom. It seems to us that the necessary inference to be drawn from this averment is that the plaintiff will continue to suffer for some period in the future. It is further averred in the complaint that, by reason of his injuries, the plaintiff has been prevented up to "the present date" from carrying on and transacting the business in which he was previously engaged. This averment we consider carries with it, by implication, the claim that the plaintiff's incapacity to carry on his business will continue for some period after the filing of the complaint. But, even if these implications are not justified,

the verdict should not be set aside upon the ground that it embraces matters not contained in the complaint. The questions of future pain and suffering and future loss of earnings were dealt with fully in the testimony submitted to the jury, and no objection was made by the defendant to the admission of this testimony. That being so, and the real issues having been tried out, the proper course to pursue would be to direct that the complaint be amended so as to set up these matters as a part of the plaintiff's claim.

The rule to show cause will be discharged.